RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2022 JUN 9 PM2:16

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>**v.**<br><br>**ERICK MOSQUEA-POLANCO,**<br><br>Defendant. | **INDICTMENT**<br><br>**CRIMINAL NO.** 22-253(RAM)<br><br>**VIOLATIONS:**<br>21 U.S.C. §§ 952(a), 959, and 963<br>18 U.S.C. § 2<br><br>**4 COUNTS & 1 FORFEITURE ALLEGATION** |

**THE GRAND JURY CHARGES:**

**COUNT ONE**
**Conspiracy to Distribute for Purpose of Unlawful Importation – Cocaine**
**21 U.S.C. §§ 959 and 963**

Beginning on a date unknown, but not later than January of 2013, and continuing up to and including the return of the instant Indictment, from places outside of the United States, including the Dominican Republic, Venezuela, Colombia, and elsewhere,

**ERICK MOSQUEA-POLANCO,**

the defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with other persons known and unknown to the Grand Jury, to possess five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, intending, knowing, or having reasonable cause to believe that such substance would be unlawfully imported into the United States. All in violation 21 U.S.C. §§ 959(a), 960(a)(3), 960(b)(1)(B), and 963.

**COUNT TWO**
**Importation of a Controlled Substance**
**21 U.S.C. § 952(a)**

On or about March 3, 2013, from the country of Venezuela, and elsewhere, and within the jurisdiction of this Court,

**ERICK MOSQUEA-POLANCO,**

the defendant herein, aiding and abetting others known and unknown to the Grand Jury, did knowingly and intentionally import into the United States five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance. All in violation 21 U.S.C. §§ 952(a), 960(a) and 960(b)(1)(B) and 18 U.S.C. § 2.

**COUNT THREE**
**Importation of a Controlled Substance**
**21 U.S.C. § 952(a)**

On or about December 5, 2018, from the country of Venezuela, Colombia, and elsewhere, and within the jurisdiction of this Court,

**ERICK MOSQUEA-POLANCO,**

the defendant herein, aiding and abetting others known and unknown to the Grand Jury, did knowingly and intentionally import into the United States five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance. All in violation 21 U.S.C. §§ 952(a), 960(a) and 960(b)(1)(B) and 18 U.S.C. § 2.

**COUNT FOUR**
**Attempted Importation of a Controlled Substance**
**21 U.S.C. §§ 952(a) & 963**

On or about March 15, 2019, from the country of Colombia, and elsewhere, and within the jurisdiction of this Court,

**ERICK MOSQUEA-POLANCO,**

the defendant herein, aiding and abetting others known and unknown to the Grand Jury, did knowingly and intentionally attempt to import into the United States five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance. All in violation 21 U.S.C. §§ 952(a), 960(a), 960(b)(1)(B), and 963.

**NARCOTICS FORFEITURE ALLEGATION**
**21 U.S.C. § 970**

The allegations contained in Counts **ONE** through **FOUR** of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 970.

Pursuant to 21 U.S.C. § 970, upon conviction of one or more of the controlled substance violations alleged in Counts **ONE** through **FOUR** of this Indictment,

**ERICK MOSQUEA-POLANCO,**

the defendant herein, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

W. STEPHEN MULDROW
United States Attorney

TRUE BILL

FOREPERSON

Max J. Pérez-Bouret
Assistant United States Attorney, Chief
Transnational Organized Crime Section

June 9, 2022
Date:

Vanessa E. Bonhomme
Assistant United States Attorney, Deputy Chief
Transnational Organized Crime Section

Jawayria Z. Auchter
Assistant United States Attorney
Transnational Organized Crime Section